No. 309.—G. W. C. TREZEVANT v. J. D. HOLLY.

In an hypothecary action to enforce a minor's mortgage against a third possessor, the exception that the tutor abandoned his trust and left the country, thereby rendering it impossible to make demand upon him or settlement with him, is not a good defense in bar to its prosecution.

APPEAL from the Fourteenth Judicial District Court, parish of Richland. *Ray*, J. *Wells & Williams*, for plaintiff. *Todd, Brigham & Potts*, for defendant.

Howe, J. This is an hypothecary action to enforce a minor's mortgage against certain lands in the hands of a third possessor. Two exceptions were filed—*first*, that there is no allegation in the petition that a demand for the payment of the debt has been made of the principal debtor thirty days prior to the institution of the suit, or that notice of such demand has been given to the defendant according to law; and *second*, that the petition does not show any settlement of the tutorship, any account rendered, or any proceedings instituted to procure the rendition of an account.

It appears by the allegations of the petition and the evidence taken ·on the trial of the exceptions that John Clark, the tutor, long prior to the commencement of this action, abandoned his trust and went to reside permanently in Canada, leaving no property in this State. In view of these facts, rendering a demand on him or a settlement with him impossible, we think both exceptions were properly overruled.

The cases of Brown v. Sadler, 13 An. 205, and Cummings v. Erwin, 15 An. 289, though not precisely similar, throw some light on this question.

Upon a review of the whole case on the merits, however, we have concluded that the interests of justice would be best subserved by remanding the cause for a new trial. The claim of a plaintiff against a third possessor in such a case and for such a reason ought to be made very certain. It is very uncertain as made out by this record.

It is therefore ordered that the judgment appealed from be set aside, and the cause remanded for a new trial, appellee to pay costs of appeal.